Wendy Evelyn Giberti (SBN 268933)
wgiberti@igeneralcounsel.com
**iGeneral Counsel, P.C.**
9595 Wilshire Blvd., STE 900
Beverly Hills, CA 90212
Telephone: (310) 300-4082
Facsimile: (310) 300-8401

Attorneys for Defendant
INTERNET BRANDS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JANE DOE No. 14,

Plaintiff,

v.

INTERNET BRANDS, INC., D/B/A MODELMAYHEM.COM,

Defendant.

Case No. 12-CV-3626-JFW-PJWx

**DEFENDANT INTERNET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: November 14, 2016
Time: 1:30 p.m.
Place: Courtroom No. 16
The Honorable John F. Walter

**TO THE PLAINTIFF HEREIN AND TO HER COUNSEL OF RECORD:**

COMES NOW Defendant, Internet Brands, Inc. ("Internet Brands"), and hereby moves this Court for an Order dismissing Plaintiff's complaint, which contains a single claim for Negligence (Failure to Warn), pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), on the grounds that Plaintiff fails to allege facts supporting a failure to warn claim and the deficiency cannot be cured by amendment.

Internet Brands' Motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the pleadings, records and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED: October 17, 2016 iGENERAL COUNSEL, PC

By: /s/ Wendy E. Giberti
Wendy E. Giberti
Attorney for Defendant
INTERNET BRANDS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This lawsuit arises from Plaintiff Jane Doe No. 14's ("Plaintiff's") desire to find a corporation to pay financially for the alleged criminal and violent misconduct of two men unaffiliated with the corporation. But Plaintiff has not pled facts that create a basis for liability by the corporation, Internet Brands, Inc. Plaintiff's sole cause of action—for negligence—imposes a strawman duty to warn that is unsupported by law and then asserts that Internet Brands "failed" to warn Plaintiff of the dangers of two men unaffiliated with the company. As such, Plaintiff alleges no facts that create a claim for relief that is "plausible on its face."[1]

Headquartered in El Segundo, California, Internet Brands is a media company that operates various websites and also develops and licenses internet software and social and professional media applications. Within its Consumer Internet Division, Internet Brands owns and operates more than 200 principal websites in seven different categories. One of the websites owned and operated by Internet Brands is modelmayhem.com (the "Website"), which is a social and professional networking site for models, make-up artists, stylists, and photographers.

Plaintiff alleges she was assaulted by two men who were carrying a "rape scheme" through various means including but not limited to finding victims on the Website. Specifically, Plaintiff alleges she was "lured to come to South Florida" where she was drugged and assaulted by two men, Lavont Flanders and Emerson Callum. *See Complaint*, Dkt #1, ¶¶ 11(a-e). Plaintiff initially pled that Flanders and Callum contacted her through the Website, but subsequently conceded that she was contacted through her personal email account. Nonetheless, Plaintiff alleges that Internet Brands, as owner of the Website, should be liable for the acts of these men

---

1 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

because, (1) "Jane Doe was never warned nor given any information about this scheme by Internet Brands, despite the fact that she was a MODELMAYHEM.COM member, which made her particularly vulnerable to the scheme" and (2) Internet Brands had the requisite knowledge to avoid future victimizations of MODELMAYHEM.COM users by warning user of online predators generally, and of the scheme employed by Flanders and Callum in particular." *Id.*, ¶¶10, 28.

Even assuming Internet Brands was in a position to prevent Plaintiff's injury—and it was not—Plaintiff's cause of action fails as a matter of law. Contrary to Plaintiff's allegation, Internet Brands did not have a special relationship with Plaintiff giving rise to a duty to warn, a duty to disclose, and a "duty of protection from reasonably foreseeable harm," as Plaintiff alleges. *Id.*, ¶¶ 33, 34. Nor can Plaintiff establish that Internet Brands' alleged lack of warnings to Plaintiff about the dangers of online predators directly and proximately caused Plaintiff's injuries.

Accordingly, because Plaintiff has failed to plead a legal duty by Internet Brands, Plaintiff cannot demonstrate that Internet Brands was negligent or that such negligence was a substantial factor in causing Plaintiff's harm. For these reasons, and as set forth in more detail below, the Complaint should be dismissed with prejudice.

## II.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff originally filed her complaint on April 26, 2012. On July 3, 2012, Internet Brands filed a motion to dismiss (Dkt. #12), based on: (1) immunity provided by the Communications Decency Act ("CDA"), 47 U.S.C. §230(c); and (2) failure to state a claim for common law duty to warn. On August 16, 2012, after briefing by both sides and pursuant to Rule 78 of the Federal Rules of Civil

Procedure and Local Rule 7-15, the Court determined the matter was appropriate for decision without oral argument. (Dkt. #27). This Court determined that the CDA, as a matter of law, immunized Internet Brands and thus dismissed Plaintiff's complaint. As such, this Court never reached the issue of whether Plaintiff stated a claim, pursuant to California law, for failure to warn negligence.

Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals. On May 31, 2016, the Ninth Circuit Court of Appeals ruled that Plaintiff's allegations were outside the protection afforded by the CDA and specifically held:

> The CDA does not bar Jane Doe's failure to warn claim. We express no opinion on the viability of the failure to warn allegations on the merits. We hold only that the CDA is not a valid basis to dismiss Jane Doe's complaint. Accordingly, we reverse and remand for proceedings consistent with this opinion. (Dkt. #35, Page ID#157-158).

The ruling specifically flagged that the viability of Plaintiff's state law claim was an issue that would need to be addressed, stating:

> Moreover, the argument that our holding will have a chilling effect presupposes that Jane Doe has alleged a viable failure to warn claim under California law. That question is not before us and remains to be answered. (Dkt. #35, Page ID#155).

Counsel for Plaintiff and counsel for Defendant conferred following the May 31, 2016, decision and agreed to forego further appellate review and submit this motion to this Court for a substantive ruling regarding the sufficiency of Plaintiff's failure to warn allegations. (Dkt. #39). This Court's Order dated September 22, 2016, set the briefing schedule. (Dkt. #42). In accordance with that Order, Internet

Brands respectfully resubmits its motion to dismiss regarding the sufficiency of Plaintiff's allegations regarding negligent failure to warn.

## III.

## STANDARD OF REVIEW

*Federal Rules of Civil Procedure,* Rule 12(b), provides, in pertinent part, as follows:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> * * *
>
> (6) failure to state a claim upon which relief can be granted.
>
> * * *

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2] Conclusory allegations and allegations that state a legal conclusion "are not entitled to the assumption of truth."[3] A plaintiff must allege "plausible grounds to infer" that a claim rises "above the speculative level."[4] "[A] formulaic recitation of the elements of a cause of action will not do . . . . "[5]

A Motion to Dismiss under Rule 12(b)(6) tests the *legal sufficiency* of the claims stated in the Complaint. "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish [her] claims."[6] In considering a Motion to

---

2 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

3 *Id.*, at 664.

4 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

5 *Id.*, at 555.

6 *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90.

Dismiss brought under Rule 12(b)(6), the court's duty is to, "determine whether or not it appears...under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims."[7] "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."[8]

In the present matter, Plaintiff's only claim, a claim of negligence for failure to warn, is fatally defective. As discussed below, Plaintiff has no special relationship with Defendant and did not meet her assailants through Defendant's Website, and Defendant had no other obligation to take affirmative steps to protect her. Because the Complaint does not contain sufficient factual matter to state a plausible claim to relief, the Court must dismiss the Complaint pursuant to Rule 12(b)(6).

## IV.

## PLAINTIFF'S ONLY CAUSE OF ACTION, NEGLIGENCE, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's negligence claim must be dismissed because Plaintiff fails to plead non-conclusory facts that, accepted as true, would establish the elements of a negligence cause of action. To plead common law negligence under California law, a plaintiff must allege facts demonstrating: (i) a legal duty to use due care; (ii) a breach of a legal duty; and (iii) the breach as the proximate or legal cause of the resulting injury. [9] The "existence of a duty is a question of law for the court."[10] And should create a duty of care only where clearly supported by public policy.[11]

7 *De La Cruz v. Tormey* (1978) 582 F.2d 45, 48.
8 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984).
9 *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917, 50 Cal.Rptr.2d 309, 911 P.2d 496.
10 *Kentucky Fried Chicken of Cal. v. Superior Court* (1997) 14 Cal.4th 814, 819, 59 Cal.Rptr.2d 756, 927 P.2d 1260.
11 *Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 771, 122 Cal.Rptr.3d 313, 320.

### A. Plaintiff Does Not and Cannot Establish a Legal Duty by Internet Brands to Protect or Warn Plaintiff

In California, as a general rule, one does not have a duty to warn another of impending harm. "As a general rule, one owes no duty to control the conduct of another, or to warn those endangered by such conduct."[12] More specifically, the Supreme Court of California has held, "As a rule, one has no duty to come to the aid of another. A person who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty to act."[13] The California Supreme Court characterized the "special relationship" necessary to give rise to a duty to warn or assist as one deriving "from the common law's distinction between misfeasance and nonfeasance, and its reluctance to impose liability for the latter."[14]

In fact, courts in California have found a special relationship to exist only in limited circumstances. The California Supreme Court held a duty of care "may arise if (a) a special relation exists between the actor and the third persons which imposes a duty upon the actor to control the third person's conduct, or (b) a special relations exists between the actor and the other which gives the other a right to protection."[15] Furthermore, "[O]n occasion, when the courts have recognized a new duty of care sufficient to impose liability for the breach thereof, they have noted that the wrongs and injuries involved were both comprehensible and assessable within the existing judicial framework."[16] For example, factors to consider in determining whether to impose a duty of care on defendants include the

---

12 *McGarry v. Sax*, 158 Cal.App.4th 983, 995, 70 Cal.Rptr.3d 519, 530 (2008).

13 *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1129, 45 P.3d 1171, 1182, 119 Cal.Rptr.2d 709 (2002).

14 *Id.* quoting *Hoff v. Vacaville Unified School Dist.*, 19 Cal.4th 925, 932, 80 Cal.Rptr.2d 811, 819 (1998).

15 *Id.*, at 1183.

16 *Nally v. Grace Community Church*, 47 Cal.3d 278, 763 P.2d 948, 253 Cal. Rptr. 97, 1988 Cal. LEXIS 256 (Cal. 1988) (internal quotations omitted).

closeness of the causal connection between defendants' conduct and the injury suffered, and the foreseeability of the particular harm to the injured party.[17]

Here, Plaintiff does not allege a special relationship. Instead, Plaintiff appears to be devising a duty based on the allegation that Defendant possessed superior information to Plaintiff because Defendant purportedly had actual knowledge of a "rape scheme." (Dkt. #1, Page 8, ¶33). But the California courts have yet to create a "special relationship" based solely on one party being in the possession of information superior to another. And here the Plaintiff does allege that even if superior knowledge alone were sufficient to give rise to a claim, which it is not, Internet Brands had knowledge that the criminals would commit a crime against her personally – as opposed to "someone" in the cyber-sphere.

**B. Plaintiff Cannot Establish a "Breach" Where There Is No Legal Duty to Breach**

Plaintiff's allegation that Internet Brands breached its duty pre-supposes it had one. Again, Plaintiff and Defendant had no "special relationship" that give rise to a duty to warn; therefore, Internet Brands had no duty subject to breach.

**C. Plaintiff Cannot Establish That Internet Brands Proximately Caused Her Injuries**

Plaintiff's injuries were all caused by tortfeasors not connected to the Defendant in any way. As Plaintiff conceded in the Ninth Circuit proceedings, Plaintiff no longer claims that those tortfeasors contacted her through the Website. (Dkt. #35, Page ID#138, FN2). Without that nexus, Plaintiff cannot demonstrate that the purported failure to warn would have had any impact on how a broad,

---

17 *Id.*, at citing *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113, 70 Cal.Rptr. 97, 106, 443 P.2d 561, 32 A.L.R.3d 496.

boiler-plate warning to Internet Brands' users would have prevented harm to Plaintiff.

In any event, Plaintiff's causation element is "piggy-backed" on the presumption – again – that Internet Brands had a duty to breach and did in fact breach it. Internet Brands had no such duty, and therefore, Plaintiff cannot allege a causal link to her alleged injuries.

## V.

## CONCLUSION

Plaintiff's only claim, a claim of negligence for failure to warn, is fatally defective. California law does not create a duty to warn in these circumstances. Persons injured or otherwise damaged by third party tortfeasors are not without remedy, and may hold directly liable the person(s) causing the harm. Thus Plaintiff is not left without remedy; she may file a claim against the alleged tortfeasors. Because Plaintiff has not pled sufficient facts to give rise to a plausible claim for relief, the Complaint must be dismissed pursuant to Rule 12(b)(6). In addition, because there are no facts that would support a claim for negligent failure to warn, amendment would be futile. Accordingly, Defendant respectfully requests that the Court dismiss the Complaint with prejudice.

DATED: October 17, 2016 iGENERAL COUNSEL, PC

By: */s/ Wendy E. Giberti*
Wendy E. Giberti
Attorney for Defendant
INTERNET BRANDS, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 9595 Wilshire Blvd., STE 900, Beverly Hills, CA 90212.

On October 17, 2016, 1 served true copies of the following document described as **DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

Kevin M. McGuire, Esq.
The McGuire Law Firm
43460 Ridge Park Drive, STE 200
Temecula, CA 92590

Arick W. Fudali
Jeffrey M. Herman
Herman, Mermelstein & Horowitz, PA
18205 Biscayne Blvd., STE 2218
Miami, FL 33160

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2016, at Beverly Hills, California.

*/s/Wendy E. Giberti*

Wendy Evelyn Giberti